Papadell, Appellant, *v.* Harleysville Mutual Casualty Company.

Argued April 24, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Daniel H. Shertzer,* for appellant.

*B. M. Zimmerman,* with him *W. Hensel Brown,* and *Brown & Zimmerman,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 4, 1963:

A fire occurred at premises owned by appellant-insured in which personal property belonging to two individuals was damaged. These parties brought a suit against appellant which appellee-insurer refused to defend on the ground that the loss was specifically excluded from the coverage of appellant's comprehensive personal liability insurance policy. Judgments were recovered against appellant which he satisfied. He then brought this action against appellee to recover the amounts paid on the judgments and the costs of defending these suits.[1]

The policy in question insures, inter alia, against liability for property damage resulting from the use of certain premises. In denying coverage, appellee set forth as new matter exclusion (e) of the policy which provides that "[t]his policy does not apply to new construction or demolition operations . . . performed by or under contract with the named insured." In his answer to appellee's new matter, appellant admitted that at the time of the fire an adjoining building, also owned by him, was being demolished. On the basis of this answer—which did *not* admit that the demolition work had any causal connection with the fire—appellee moved for judgment on the pleadings. He argued that exclusion (e) eliminates from coverage losses occurring while demolition is being undertaken on adjoining buildings, regardless of whether there is any causal connection between the loss and the demolition work.

---

[1] The various obligations of an insurer are set forth and analyzed in the recent case of *Gedeon v. State Farm Mutual Automobile Insurance Company,* 410 Pa. 55, 188 A. 2d 320 (1963).

Appellant opposed the motion asserting that exclusion (e) requires such a causal connection. The court below granted appellee's motion for judgment on the pleadings and this appeal followed.

We hold that the court below committed error. Since the meaning of the clause in question is not clear, any ambiguities must be resolved in favor of the insured. See *Weissman v. Prashker,* 405 Pa. 226, 175 A. 2d 63 (1961). In addition, the more reasonable interpretation of exclusion (e) is to require a causal connection between the loss and the construction or demolition operations. The purpose of the exclusionary clauses of this policy would seem to be one of eliminating from coverage losses *resulting* from certain enumerated risks. It seems unlikely that the parties intended to suspend coverage completely during the occurrence of certain events, such as demolition. For example, exclusion (b) contains language similar to exclusion (e) with regard to the operation of elevators. Certainly it was not the intention of the parties that a loss should be excluded because it happened to occur while an elevator was being operated in the building. Cf. *Employers' Liability Assur. Corp. v. Youghiogheny & Ohio Coal Co.,* 214 F. 2d 418 (8th Cir. 1954).

Since the factual question of whether the fire was caused by the demolition work remains unresolved by the pleadings, judgment on the pleadings was improperly granted.

Judgment reversed.