## Evans, Appellant, *v*. Baltimore Life Insurance Company.

Argued April 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

426

Bernard S. Shire, with him Ezerski, Shire and Bergstein, for appellant.

Daniel J. Snyder, with him Costello & Snyder, for appellee.

Opinion by Spaulding, J., June 11, 1970:

Mary Ellen Evans, appellant, purchased a policy of insurance from The Baltimore Life Insurance Company, appellee, on September 1, 1963. That policy was in face amount of $1000 with an accidental death benefit rider which provided for double indemnity and in certain stated circumstances, triple indemnity. Albert Charles Evans, Jr., appellant's son, was designated on the policy as one of the "insured children" under the provision entitled "Provision for Term Insurance Benefit on Insured Children." He was killed in an automobile accident on May 5, 1967, which would entitle the policy beneficiary, appellant, to the double indemnity proceeds, if the deceased was covered under the rider.

Baltimore Life Insurance Company paid the face amount of the policy, but refused the double indemnity coverage under the rider. Appellant was awarded double indemnity proceeds by a Board of Arbitrators and this award was reversed by the Common Pleas Court of Westmoreland County on September 29, 1969. Appellant appeals the order of that court.

The issue before this Court is whether as a matter of law the provisions of the accidental death benefit apply to "insured children" as well as to the "insured."

The court below relied on an unreported Allegheny County decision, *Masullo v. The Baltimore Life Insurance Company,* filed October 18, 1966. That case held that the language of the accidental death benefit provision of appellee Company did not make double indemnity payments available to the beneficiaries of insured children. While we find that case persuasive, we do not consider it binding since the specific contractual language has never been subject to appellate review.

The relevant portions of the insurance policy are set forth below:

The Insured Children, as defined herein, are insured under this Policy when fifteen days of age or older. Term Insurance is provided on the life of each such Child for an amount equal to the face amount. Such term insurance expires at the earlier of (1) such Child's 25th birthday, or (2) the expiry date of this Policy.

. . .

Except as otherwise specified, the provisions of this Policy apply to the insurance on the Insured Children.

. . .

The Baltimore Life Insurance Company, subject to the terms and conditions herein stated, will pay to the beneficiary of this Policy the accidental death benefit provided hereunder upon receipt of due proof that the death of the Insured occurred prior to the policy anniversary when the Insured's attained insuring age is 70, as a result, directly and independently of all other causes, of bodily injury effected solely through external, violent, and accidental means, and within ninety days after such injury as a direct result thereof.

The accidental death benefit will be payable in addition to the face amount of this Policy and will be Double Indemnity—an amount equal to such face amount, or Triple Indemnity—an amount equal to twice such face amount if, in addition to the requirements stated above said due proof also shows that the

said bodily injury was sustained while riding as a passenger in a school bus operating on an authorized trip or as a fare-paying passenger in a bus, streetcar, railway car, taxicab, airplane, or in any other vehicle operating as a common carrier for the transportation of passengers.

A close reading of the language of this policy indicates that unless specifically excluded, all of the policy provisions include Insured Children. The general language of the policy requires that limitations as to coverage be explicit. The death benefit provision is silent as to whether its use of the word "insured" also includes insured children. On the other hand, that provision does not specifically exclude insured children from the double indemnity coverage.

Appellee contends that the term "insured" acquired a specialized meaning in this policy because of its use in the waiver of premium and dismemberment benefit sections. The waiver of premium section by its very terms does not apply to insured children, since those children do not own the policy and are not expected to pay the premiums when due. On the other hand, we do not reach the question of whether insured children are entitled to benefit from the dismemberment section, since that issue is not presently before this Court.

We hold that the language of the insurance policy grants double indemnity coverage to insured children. At the very least it must be said that the use of the word "insured" in the accidental death provision is ambiguous. Ambiguities in insurance contracts are resolved against the writer of the policy and the presumption favors coverage when a policy provision is unclear. *Papadell v. Harleysville Mutual Casualty Co.*, 411 Pa. 214, 191 A. 2d 274 (1963).

The decision of the court below is reversed and the award of the Board of Arbitrators is reinstated.

CERCONE, J., concurs in the result.