459 A.2d 1292

**Rosemarie DeTorro McDONALD, Appellant,**

v.

**KEYSTONE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1983.

Filed May 6, 1983.

Petition for Allowance of Appeal Denied Aug. 23, 1983.

Eugene Spector, Philadelphia, for appellant.

Dennis Veneziale, Philadelphia, for appellee.

Before CERCONE, P.J., and CAVANAUGH, WIEAND, CIRILLO, POPOVICH, MONTGOMERY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in vacating an arbitrators' award granting her $15,000 in uninsured motorist benefits. She argues that: (1) she was entitled to recover uninsured benefits because the driver's legal minimum policy limits were too low to fully compensate her; and (2) appellee, her insurer, was estopped from denying her coverage because it had failed to comply with her request for "full and complete "coverage" or to adequately explain how the legal minimum coverage she purchased would fall short of being full and complete. Finding no merit in appellant's contentions, we affirm the order of the lower court.

When appellant applied for automobile insurance she requested "full and complete" coverage. Appellee's agent sold her a standard no-fault and uninsured motorist policy with legal minimum limits of $15,000 per person. The agent never explained the circumstances in which the insurer would not pay "uninsured" motorist benefits, nor did he explain that, if appellant wished to purchase insurance with higher policy limits, she could also obtain a form of excess, or underinsured motorist, coverage that would pay her the

difference between her policy limits and those of a liable third party with lower policy limits.[1]

On January 19, 1979, while appellant was a passenger, Frieda Larr drove her car into a utility pole, seriously injuring appellant. Appellant sought no-fault benefits from appellee and eventually received $7,500.[2] Appellant threatened a tort action against Ms. Larr, whose insurer settled, paying appellant Ms. Larr's policy limits of $15,000. Appellant then sought additional recovery from appellee under the "uninsured" motorist provision of her policy. After a hearing, the arbitrators awarded appellant $15,000 in uninsured motorist benefits. The lower court, however, reversed the award as being an error of law. This appeal followed, and we granted this en banc review.[3]

■ An arbitrators' award under the Act of 1927 is subject to judicial correction if it is "against the law, and is such that had it been the verdict of the jury the court would have entered different or other judgment notwithstanding

1. Although appellee's evidence contradicts certain of these facts, we are bound by the arbitrators' credibility determinations and findings of fact supported by the record. *See* N.T. September 10, 1980 at 41, 44–45, 61.

2. *McDonald v. Keystone Ins. Co.,* Court of Common Pleas of Philadelphia County, No. 3335 March Term 1980 (unappealed arbitrators' award).

3. Appellant contends that the lower court erred in reviewing the arbitrators' award under the standards of the Act of 1927, permitting reversal for errors of law, rather than under the narrower standards for reviewing common-law arbitration. Appellant argues that because the insurance department's model policy for uninsured motorist coverage provides for common-law arbitration, 31 Pa.Code § 63.2(a); Exhibit C, Condition 8; *but see Ellison v. Safeguard Mutual Ins. Co.,* 209 Pa.Superior Ct. 492, 229 A.2d 482 (1967), and because he alleges our courts do not permit parties to waive arbitration, *see Allstate Ins. Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618 (1969), then parties, particularly insurers, should not be permitted to waive the finality of common-law arbitration by providing in their policies, as here, for statutory arbitration. Appellant, however, waived this contention by failing to present it to the court below. *See Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974). In fact, appellant's petition to confirm the arbitrators' award specifically stated that the arbitration, and thus review of it, was pursuant to the Act of 1927. Thus, the lower court's and our review is pursuant to that Act.

the verdict." 5 P.S. 171(d); *State Farm Mutual Ins. Co. v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978). *See* 42 Pa.C. S.A. § 7302(d)(2).[4]

■ Appellant contends that, because the driver of the car in which she was injured did not have enough insurance to fully compensate appellant's losses, that driver was underinsured, and therefore "uninsured" as to appellant's remaining losses, so as to entitle appellant to uninsured motorist benefits. Our courts have specifically rejected this contention on grounds that the legislature, by the Uninsured Motorist Act, 40 P.S. § 2000, intended only to create a means to provide minimum coverage to persons injured by financially irresponsibile motorists carrying less than the legal minimum or no insurance. Our legislature did not intend to provide additional insurance to those who although they suffered severe injury had recourse to at least the legal minimum of insurance through the other motorist. *Davis v. Government Employees' Ins. Co.*, 500 Pa. 84, 454 A.2d 973 (1982). It is undisputed that the driver here carried the legal minimum of insurance, $15,000 per person, *see* 40 P.S. § 1009.104, and that the driver's insurer paid that amount to appellant. Thus, the driver was not "uninsured," and appellant is not entitled to recover from appellee under the uninsured motorist provision of her policy.

■ Appellant contends also that appellee is estopped from denying her uninsured motorist coverage because appellee's agent failed to comply with her request for "full and complete" coverage or to adequately explain how the minimum coverage she purchased would fall short of being full and complete. Our courts have held that if an insurance policy contains unusual provisions that might defeat

4. Although the Act of 1927 has been repealed and replaced by statutory arbitration provisions that only permit judicial review of arbitrators' errors of law in certain enumerated circumstances, *see* 42 Pa.C. S.A. §§ 7302(d)(2); 7315, the J.A.R.A. Continuation Act of 1980, § 501(b) preserves the error of law standard of review under any agreements, such as here, "expressly provid[ing] for arbitration pursuant to ... the Act of ... 1927." *reprinted in* 42 Pa.C.S.A. § 7302, Historical Note.

the reasonable expectations of the insured, the insurer has a duty at the time of application to volunteer information explaining the insured's rights. Failure to do so will prevent the insurer from enforcing those provisions against the insured. *E.g., Collister v. Nationwide Life Ins. Co.*, 479 Pa. 579, 388 A.2d 1346 (1978); *Kelmo Enterprises v. Commercial Union Ins. Co.*, 285 Pa.Superior Ct. 13, 426 A.2d 680 (1981); *Klischer v. Nationwide Life Ins. Co.*, 281 Pa.Superior Ct. 292, 422 A.2d 175 (1980); *Hionis v. Northern Mutual Ins. Co.*, 230 Pa.Superior Ct. 511, 327 A.2d 363 (1974). *See generally* Keeton, *Insurance Rights at Variance with Policy Provisions*, 83 Harv.L.Rev. 961 (1970).[5] This special rule is based on the adhesive nature of insurance transactions and the parties' disparity in bargaining power. *Collister v. Nationwide Life Ins. Co., supra.* Our courts also recognize traditional estoppel theories in the insurance context, as when the insured justifiably relies, to her detriment, upon the representations or promises of the insurer or its agent. *E.g., DeRosa v. St. Paul Ins. Co.*, 222 Pa.Superior Ct. 424, 295 A.2d 157 (1972); *Barth v. State Farm Fire and Casualty Co.*, 214 Pa.Superior Ct. 434, 257 A.2d 671 (1969). *See* Restatement (Second) of Contracts, § 90. No such unusual provisions existed here. Appellee's not paying "uninsured" motorist benefits when another motorist's insurer has already paid amounts equal to appellant's policy limits did not defeat appellee's reasonable expectations about "uninsured" motorist coverage. Nor is appellee estopped from denying coverage by its agent's failure to explain how appellant's coverage was less than "full and complete." Appellant, although unschooled in insurance, could understand that, because of the policy limits, she would not receive more than $15,000 from her insurer for a given accident. *Collister v. Nationwide Life Ins. Co., supra* (parties can bargain over amount of monetary coverage). However, appellant was probably unaware

5. Examples of such unusual provisions that defeat reasonable expectations are exclusions and limitations, *Kelmo Enterprises v. Commercial Union Ins. Co., supra,* and denials of coverage even after acceptance of premiums, *Collister v. Nationwide Life Ins. Co., supra.*

of the circumstances when another insurer rather than her own would pay for her losses. *See, e.g.*, 40 P.S. § 1009.204 (priority scheme for sources of no-fault benefits). Likewise, she was probably unaware of the categories of damages— medical expenses, work loss, other personal injury damages, and property loss—that would be recoverable only under no-fault or only in third party actions. Nonetheless, she reasonably relied, even after the agent's failure to explain, that by full and complete coverage she would be compensated at least to $15,000 in the event of an auto accident. That expectation was fulfilled here by her receiving $15,000 from the driver's insurer in addition to the $7,500 no-fault benefits she received from appellee. Thus, in the circumstances, appellee is not required by the agent's failure to explain to afford appellee any additional coverage. Accordingly, we affirm the lower court's order vacating the arbitrators' award.

Affirmed.