

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2008

# Seifert v. Comm of PA Human

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4202

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Seifert v. Comm of PA Human" (2008). *2008 Decisions.* Paper 139.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/139

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4202
_____

MARILYN SEIFERT,

Appellant,

v.

COMMONWEALTH OF PENNSYLVANIA
HUMAN RELATIONS COMMISSION

_____

On Appeal From the United States District Court
for the Western District of Pennsylvania
(No. 05-cv-00551)
District Judge:  Honorable Joy Flowers Conti

Submitted Under Third Circuit LAR 34.1(a)
October 3, 2008

Before: FISHER, CHAGARES, and HARDIMAN Circuit Judges.

(Filed:   December 9, 2008)

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

On April 11, 2002, Marilyn Seifert was terminated from her job at the Pittsburgh office of the Pennsylvania Human Rights Commission (PHRC). On April 7, 2005, she filed a complaint against the PHRC alleging that the termination was unlawful. Specifically, Seifert alleged that the PHRC fired her because she exercised her rights under the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601-2654, to take time off of work in order to care for her sick mother. The District Court granted summary judgment for the PHRC on the ground that Seifert's complaint was untimely. Seifert appeals, and we will affirm, albeit for a different reason.

I.

Because we write solely for the benefit of the parties, we will only briefly recite the facts.

Seifert started working for the PHRC's Pittsburgh office in 1992. Shortly thereafter, she was assigned the position of "leave clerk." This meant she was responsible for ensuring that PHRC employees followed proper internal procedures for taking sick leave, vacation leave, and any other time spent away from the office. But, ironically, Seifert's tenure with the PHRC was defined by her own personal failure to follow proper leave procedures. Her supervisor, George Simmons ("Simmons"), repeatedly reprimanded her for coming in late, leaving early, and taking unauthorized absences throughout the day. At one point, Simmons even shifted Seifert's work

2

schedule back one hour in order to make it easier for her to get to the office on time. Simmons periodically complained to PHRC Human Resources (HR) about Seifert's punctuality and attendance issues.

In March 2001, Seifert requested a significant amount of time off — time to which she was statutorily entitled under the FMLA — to care for her sick mother. Simmons allegedly tried to discourage her from taking time off. Seifert claimed that Simmons berated her about it and several times claimed he lost the paperwork required to process the leave request. Nevertheless, he ultimately approved the request. However, Simmons continued to complain to HR about Seifert's failure to follow correct leave procedures.

In late 2001, motivated by Simmons's complaints, HR personnel began to inspect Seifert's timesheets for that year to determine whether she had accurately deducted her leave time. The investigation concluded that, although Seifert was entitled to the FMLA leave she took to be with her mother, she may not have properly accounted for it (and for other leave time) according to internal PHRC protocol. HR administrators instructed Simmons to keep a close eye on Seifert's leave reporting from then on. He did, and he discovered that Seifert failed to submit a doctor's note to cover medical leave taken in March 2002.

On April 11, 2002, Seifert was terminated. Seifert's termination letter cited her chronic failure to account for her leave time as a ground for dismissal.

On April 7, 2005, Seifert filed the action that gave rise to this appeal. She claimed

that the PHRC fired her not because she failed to account for her FMLA leave according to internal PHRC rules, but because she took the FMLA leave in the first place. The PHRC filed a motion for summary judgment, arguing that Seifert's complaint was untimely because she filed it after the two-year FMLA limitation period had expired. Seifert contended that her claim was governed by the statute's three-year limitation period for "willful violations." The District Court disagreed, applied the two-year period, and granted summary judgment. Seifert then filed this appeal.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

The FMLA gives certain employees the right to take up to 12 weeks off during a 12-month period "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). Federal regulations prohibit an employer from retaliating against an employee for taking advantage of FMLA leave. 29 C.F.R. § 825.220(c).

An aggrieved employee has two years from the date of the last retaliatory act in which to file a complaint. 29 U.S.C. § 2617(c)(1). However, an employee alleging a "willful" violation is given three years in which to file. 29 U.S.C. § 2617(c)(2).

In opposing summary judgment before the District Court, Seifert argued that the PHRC's violation was willful because, when Seifert requested FMLA leave, Simmons (1)

4

acted hostilely towards Seifert, (2) tried to prevent Seifert from taking FMLA leave by claiming to have lost the required paperwork, (3) refused to grant a later leave request, and (4) exaggerated the extent of Seifert's insubordination in communications with HR in order to get her fired. Pl.'s Resp. in Opp. to Mot. for Summ. J. at 12-13 (arguing why her claim alleged a "willful" violation); Seifert v. PHRC, 515 F. Supp. 2d 601, 614-16 (W.D. Pa. 2005) (opinion granting summary judgment for PHRC) (enumerating Seifert's willfulness arguments). In this appeal, however, Seifert seems to abandon these arguments in favor of two new ones. Now, Seifert contends that a genuine issue of material fact as to willfulness exists because the PHRC (1) fired her before first suspending her, contrary to its progressive discipline policy, and (2) had a heightened awareness of the conduct prohibited by the FMLA, given that the PHRC's mission includes preserving employees' rights. Appellant's Br. at 9-18.

Generally, only arguments made first to the District Court may be heard on appeal in support of reversal. See Flick v. Borg-Warner Corp., 892 F.2d 285, 288 (3d Cir. 1990) (refusing to consider appellant's argument — not raised in district court — in support of reversing grant of summary judgment). Mere allusion or reference is not enough; the issue must actually be raised with a minimum level of thoroughness. Delaware Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006) (noting it is not enough to mention relevant facts without explaining how they relate to the argument); Brennan v. Norton, 350 F.3d 399, 419 (3d Cir. 2003) (noting it is not enough simply to invoke name of

potentially relevant case). If an argument was not made to the District Court, we may consider it only if not doing so would result in a grave injustice or would jeopardize a significant public interest. See, e.g., Selected Risks Ins. Co. v. Bruno, 718 F.2d 67, 69-70 (3d Cir. 1983) (affirming and holding argument concerning proper rule of construction applicable to every Pennsylvania resident's homeowner insurance policy did not jeopardize a significant public interest); Princeton Cmty. Phone Book, Inc. v. Bate, 582 F.2d 706, 708 n.1 (3d Cir. 1978) (affirming and holding argument made for first time on appeal that could not have been made to district court because law changed between date of district court's judgment and date of appeal did not constitute manifest injustice).

In her response in opposition to the PHRC's motion for summary judgment, Seifert never mentioned (much less meaningfully discussed) the PHRC's progressive discipline policy or allegedly heightened knowledge of the FMLA. Moreover, she never filed a reply brief in conjunction with this appeal attempting to rebut the PHRC's contention that these arguments were not made to the District Court.

Further, refusing to consider these arguments now would not cause a manifest injustice or jeopardize a significant public interest. As to manifest injustice, we can find no justification — and Seifert has not attempted to bring one to our attention — for Seifert's failure to mention these two purported bases for willfulness in her response in opposition to the PHRC's motion for summary judgment. Seifert does not argue that she did not have access to the factual matter underlying these arguments before the deadline

for opposing summary judgment. Indeed, fact discovery closed more than two months before Seifert filed her response. Simply put, Seifert had enough information to make these arguments in her opposition to the PHRC's motion, but did not. Therefore, precluding them here would not generate a manifest injustice. See, e.g., Continental Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 253 (3d Cir. 1998) (finding no manifest injustice where appellant was unable to explain failure to raise argument in district court); Altman v. Altman, 653 F.2d 755, 758 (3d Cir. 1981) (same).

As to public interest, this action does not involve a question of law critically relevant to a large or significant group. Rather, it involves the application of an intensely fact-bound standard ("willfulness") to the circumstances surrounding the termination of one employee. See Walton v. Mental Health Ass'n, 168 F.3d 661, 671 n.9 (3d Cir. 1999) (holding fact-dependent argument in employment discrimination case does not implicate the raise-or-waive rule's public-policy exception). And again, Seifert has not attempted to prove otherwise.

## III.

Seifert's arguments on appeal supporting the existence of a genuine issue of material fact with respect to willfulness were not made to the District Court in the first instance. Further, refusing to consider those arguments now would not cause manifest

7

injustice or jeopardize a significant public interest.[1]  Therefore, we will affirm the District

Court's grant of summary judgment for the PHRC.

---

[1] For the sake of completeness, we note that we find no substantive merit in the willfulness arguments made to the District Court and apparently abandoned on appeal.