OPINION
POLLAK, District Judge:
Appellant Sergeant David Schottanes appeals the District Court’s grant of summary judgment, disposing of his claims against his employer, the Borough of North Haledon, and his supervisor, Police Chief Joseph Ferrante. The District Court found that Schottanes’s claims were untimely and dismissed them as barred by the statute of limitations. Because we agree that Schottanes’s complaint was filed more than two years after the completion of appellees’ allegedly wrongful conduct, we will affirm.
I.
Because the parties are familiar with the facts and the record, we need not discuss them in detail. This matter was resolved on a motion for summary judgment, so we view the facts, as did the District Court, in the light most favorable to Schottanes. Schottanes is employed as a police officer with the Borough of North Haledon; he has held the rank of sergeant since 2001. In mid-2004, another officer complained that Schottanes sexually harassed her. As a result, Police Chief Ferrante initiated an investigation. Ferrante also issued a no-contact order between Schottanes and the complainant and transferred Schottanes to the night shift to effectuate the order. In August 2004, prior to the close of the initial investigation (which, it is uncontested, ended in October 2004 at the latest), Ferrante formally filed disciplinary charges against Schottanes. Disciplinary hearings began on October 25, 2004, and, in part because Schottanes waived his right to have the hearing held within 30 days of the charges being filed, lasted through the end of 2005.
While the charges were pending, the mayor — in conversations Schottanes secretly tape-recorded — informed Schottanes that it was widely known that the charges had been fabricated to derail Schottanes’s career, and the mayor promised to promote Schottanes as soon as the investigation concluded. The Borough Council is in charge of promotions, and the mayor only votes if the Council is deadlocked. The Borough Council subsequently exonerated Schottanes on February 1, 2006, but he was never promoted.
On November 26, 2006, plaintiff filed a complaint against the police chief and the Borough. He brought claims under 42 *773 U.S.C. § 1983 alleging violations of his federal civil rights, and he also pled claims under state law. Specifically, plaintiff alleged 1) a violation of his substantive and procedural due process rights, 2) negligent infliction of emotional distress, 3) hostile work environment, 4) negligence, and 5) civil conspiracy. The gravamen of Schot-tanes’s complaint is that Ferrante brought formal charges before the close of the investigation and used the investigation to derail Schottanes’s job prospects, all the while subjecting Schottanes to emotional distress and a hostile workplace. Schot-tanes alleged that his failure to receive a promotion resulted from the improper investigation.
The District Court determined that Schottanes’s claims were barred by the statute of limitations, because the wrongful conduct “was complete as of August 2004 at the latest,” and Schottanes had failed to proffer evidence of wrongful conduct after that date. App’x 3. Schottanes timely appealed.
II.
Our review of a District Court’s grant of summary judgment is plenary. See Eichenlaub v. Township of Indiana, 385 F.3d 274, 279 (3d Cir.2004). Summary judgment is proper if the moving party demonstrates “that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c); Eichenlaub, 385 F.3d at 279.
III.
The counts in Schottanes’s complaint are premised on his claims that the conduct of the Borough and Ferrantes either violated his civil rights (actionable through 42 U.S.C. § 1983) or constituted tortious activity; as a result, the applicable statute of limitations period for all claims in the complaint is two years. Montgomery v. De Simone, 159 F.3d 120, 126 n. 4 (3d Cir. 1998); N.J.S.A § 2A14-2. A cause of action accrues, and the statute of limitations period begins to run, “when the plaintiff knew or should have known of the injury upon which its action is based.” Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir.1998).
The District Court concluded that Schottanes knew or should have known of his injury by August 2004, when the disciplinary complaint was filed against him. Schottanes argues that he could not have discovered his injury until the disciplinary charges against him were dismissed and he was not promoted, and so his claim did not accrue until February 1, 2006. He premises this argument on the repeated promises by the mayor that once the charges were dropped a promotion would follow. However, the injury actually complained of in the complaint was the investigation itself and the changed work conditions stemming from that investigation; the failure to obtain a promotion is characterized as stemming from the initial harm of the investigation. See Complaint ¶¶ 15-16. Even if Schottanes’s complaint could be fairly read to allege that the Borough’s refusal to promote him constituted an independent injury, the discovery rule would not apply here. Schottanes knew in August 2004 that he had been the subject of disciplinary charges and transferred to the night shift, and thus knew he had been injured.
Moreover, he knew at that time that he had not been promoted. He cites Miller v. Beneficial Mgmt. Corp., 977 F.2d 834 (3d Cir.1992), as “precisely the situation that presents itself here” — where a plaintiff seeks, but has not obtained, a promotion that could be granted at any time. Appellant’s Br. at 16. In Miller, the plaintiff, who had not been subject to any disciplinary proceeding or other employment injury, was “repeatedly assured ... that she *774 deserved and would receive a promotion” from decision-makers with the ability to promote her. In contrast, Schottanes, who undisputedly knew he was injured by the filing of the disciplinary charge, presents, in support of his failure-to-promote claim, only the statements of the mayor, who could recommend but not promote him and who had not even recommended him. The District Court correctly concluded that Schottanes should have known that he was injured at the filing of the disciplinary chai'ge in August 2004.[1]
In the alternative, plaintiff argues that his claims can be saved by a) the continuing violations doctrine or b) the doctrine of equitable tolling. With regard to the continuing violations doctrine, Schottanes now argues that the Borough’s failure to promote him constituted a continuing violation. However, Schottanes argued to the District Court that the ongoing investigation, rather than the failure to promote, constituted an ongoing violation (an argument the District Court rejected). Even if we were to consider this argument properly presented, it remains the case that the failure to promote was the consequence of the earlier wrongful act, i. e. the improper charges and flawed investigation. The failure to promote does not constitute a series of “continual unlawful acts” but rather the “continual ill effects from [the] original violation,” which is insufficient to create a continuing violation. See Cowell v. Palmer Twp., 263 F.3d 286, 293 (3d Cir.2001) (citing Ocean Acres Ltd. v. Dare Cty. Bd. of Health, 707 F.2d 103, 106 (4th Cir.1983)).
Finally, Schottanes seeks equitable tolling, arguing that the mayor’s promises of promotion gave him the false expectation that he would be promoted eventually and thus encouraged him to delay filing his complaint. This argument was not raised below and is waived. Selected Risks Ins. Co. v. Bruno, 718 F.2d 67, 69 (3d Cir.1983). This case does not present any exceptional circumstances that would prompt this court to consider the issue.
IV.
For the reasons set forth, we will affirm the judgment of the District Court.

. Even if we were to construe Schottanes’s complaint as stating a timely claim for failure to promote, it is difficult to see any grounds on which Schottanes could base a prima facie case, as he is not a member of a protected class and does not allege that the adverse employment actions against him were moti-valed by anything other than Chief Ferrante’s intent to derail Schottanes’s career because of Ferrante's preference that another officer be promoted. See Complaint ¶ 6-10, App'x 12. The District Court did not reach this issue, and we similarly express no view, as we find the claim time-barred.