**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1484
_____

LORRAINE DELLAPOLLA,
                                             Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-14-cv-01959)
District Judge:  Honorable Legrome Davis

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 16, 2016

Before:  AMBRO, CHAGARES, and FUENTES, <u>Circuit Judges</u>.

(Filed: December 1, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Lorraine Dellapolla appeals from the District Court's decision denying in part her application for supplemental security benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382-1383f. We will affirm the District Court's judgment.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

On December 31, 2006, Dellapolla filed an application for supplemental security benefits, alleging that her disability onset date was August 15, 1995. After a hearing, the Administrative Law Judge ("ALJ") denied the application.[1] The Appeals Council ("AC") declined to review this ALJ decision and Dellapolla sought relief in federal court. On November 7, 2012, the District Court remanded to the AC to make further findings in a number of areas. The AC decided to remand to the ALJ; it also consolidated this application with another that Dellapolla filed on January 10, 2013.

On July 11, 2013, the ALJ held another hearing. On September 20, 2013, the ALJ rendered a partially favorable decision for Dellapolla. See Administrative Record ("AR") 538. Specifically, the ALJ found that Dellapolla suffered from severe impairments of hip bursitis, degenerative joint disease of the hip, lumbar degenerative disc disease,

---

[1] In an earlier decision, the ALJ had determined that Dellapolla was not disabled because she had residual functioning capacity for a limited range of sedentary work. Dellapolla requested review by the Appeals Council ("AC"), which remanded to the ALJ. The ALJ then found Dellapolla was not disabled and that she had a residual functioning capacity for light work.

2

osteoporosis, carpal tunnel syndrome, history of right wrist tendinitis, status-post De Quervain's release, status-post trochanteric bursa excision, and peripheral vascular disease. However, the impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that Dellapolla had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations: lifting or carrying no more than 10 pounds occasionally; standing or walking for no more than 2 hours; sitting for no more than 6 hours with the ability to sit or stand at will; no more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; and no use of her upper extremities, reaching overhead with her right, dominant upper extremity, or pushing or pulling with her lower extremities. Next, the ALJ found that Dellapolla was disabled as of June 22, 2012. The ALJ concluded that prior to that date, Dellapolla was not disabled because she had the RFC to perform sedentary work with the above-listed limitations, and because there existed work in significant numbers in the national economy in which Dellapolla could participate. After June 22, 2012, Dellapolla became a person "closely approaching advanced age (age 50–54)," 20 C.F.R. § 416.963, and there were no jobs in significant numbers in the national economy that she could perform.

Dellapolla again brought suit in federal court. On January 8, 2016, the District Court entered an order adopting the Magistrate Judge's June 14, 2016 Report and Recommendation ("R&R") affirming the ALJ's decision. Dellapolla timely appealed.

3

II.

A.

The District Court had subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction to review the District Court's decision under 28 U.S.C. § 1291. Our review is limited to determining whether substantial evidence supports the ALJ's finding that Dellapolla was not disabled prior to June 22, 2012. 42 U.S.C. §§ 405(g), 1383(c); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). "'Substantial evidence' has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Califano, 637 F.2d 968, 970 (3d Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971)). We review applications of legal principles de novo. Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995).

B.

Under the Social Security Act, the Commissioner may pay social security benefits to disabled persons, defined as one whose "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The Commissioner uses a five-step process when making disability determinations under 20 C.F.R. §§ 404.1520, 416.920:

> First, the Commissioner considers whether the claimant is currently
> engaged in substantial gainful activity. If he is not, then the Commissioner

4

considers in the second step whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to perform basic work activities. If the claimant suffers a severe impairment, the third inquiry is whether, based on the medical evidence, the impairment meets the criteria of an impairment listed in the "listing of impairments," 20 C.F.R. pt. 404, subpt. P, app. 1 (1999), which result in a presumption of disability, or whether the claimant retains the capacity to work. If the impairment does not meet the criteria for a listed impairment, then the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the residual functional capacity to perform his past work. If the claimant cannot perform his past work, then the final step is to determine whether there is other work in the national economy that the claimant can perform. The claimant bears the burden of proof for steps one, two, and four of this test. The Commissioner bears the burden of proof for the last step.

Sykes v. Apfel, 228 F.3d 259, 262–63 (3d Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987)).

III.

A.

Dellapolla raises several issues on appeal, most of which were not raised at the District Court level. "It is the general rule that a federal appellate court does not consider an issue not passed upon below." Selected Risks Ins. Co. v. Bruno, 718 F.2d 67, 69 (3d Cir. 1983) (citing Singleton v. Wulff, 428 U.S. 106, 120 (1976)); see also Krysztoforski, 55 F.3d at 860 ("[W]e decline to entertain [appellant's] argument since it was not raised before the ALJ or the district court."). Although this rule is discretionary rather than jurisdictional, no exceptional circumstances arise that suggest we should entertain issues not raised to the District Court.

Dellapolla brought only two challenges to the ALJ's decision before the District Court: 1) that the ALJ erroneously assessed her RFC by not giving controlling weight to

5

the opinion of Dr. Kain, and 2) that the ALJ improperly relied on the vocational expert's testimony regarding the number of available jobs that Dellapolla could perform. See Dellapolla Br. 64-76 (attaching copy of the Magistrate Judge's R&R, which was adopted by the District Court (hereinafter "D. Ct. Op.")); see also Supp. App. 7-8. On appeal, Dellapolla not only challenges the ALJ's treatment of Dr. Kain's opinion—and has dropped the challenge regarding the vocational expert's testimony—but also raises a number of new challenges as to the ALJ's consideration of the opinions of Doctors Gagliardo, Zurbach,[2] and Bongiovanni and as to the ALJ's reading of medical records. We will not entertain these arguments not previously made.

B.

In her September 20, 2013 opinion, the ALJ discussed Dr. Kain's medical assessment, ultimately affording limited weight to his opinion. AR 546. Dellapolla argues that the ALJ should have afforded Dr. Kain's opinion more weight because of his expertise and extensive treatment history with Dellapolla. We disagree.

As the District Court explained, "the ALJ undertook an exhaustive longitudinal discussion of [Dellapolla's] conditions and treatment . . . and credited Dr. Kain's opinions regarding [Dellapolla's] limitations in her ability to stand/walk and lift/carry." Dellapolla Br. 69 (D. Ct. Op. 26). The ALJ evaluated Dr. Kain's assessment of Dellapolla's RFC and accorded limited weight to his testimony, in particular the portions consistent with the record. AR 546. Dr. Kain opined that Dellapolla could stand or walk

---

[2] Although Dellapolla mentions Dr. Zurbach's assessment in her District Court briefing, that reference was only as to using Dr. Zurbach's opinion to support Dr. Kain's opinion, not whether Dr. Zurbach's opinion itself should have been afforded controlling weight.

for a total of less than two hours, and lift and carry no more than 10 pounds.  AR 340.

Both limitations were included in the ALJ's RFC limitation assessment.  AR 543.  Dr.

Kain offered no assessment as to how long Dellapolla could sit over the course of an

eight-hour workday;  the ALJ therefore could not base her determination of the sitting

limitation on Dr. Kain's opinion.

Dellapolla also contends that the ALJ erred by failing to mention Dr. Kain's

specialization, his number of years in treating Dellapolla, and one line in his RFC

questionnaire in which he indicated that Dellapolla's pain was severe enough to interfere

frequently with her attention and concentration.  We disagree.  First, "we do not expect

the ALJ to make reference to every relevant treatment note in a case." Fargnoli v.

Massanari, 247 F.3d 34, 42 (3d Cir. 2001).  The ALJ did give Dr. Kain's assessment

weight when supported by the record, and the cherry-picking of unmentioned details

from a voluminous record does not a viable claim make.  Second, as the District Court

noted, Dr. Kain's opinion regarding interference with attention and concentration was

contradicted by Dellapolla's own statement that her pain has not affected her ability to

think and concentrate.  AR 226.  As the ALJ noted in her thorough discussion of

Dellapolla's RFC, the medical record shows that "treatment the claimant has received has

been effective in alleviating her symptoms" and "the evidence fails to substantiate the

claimant's allegations of debilitating limitations."  AR 548.  The ALJ's conclusion as to

Dellapolla's RFC was supported by an extensive analysis of the bases for the

determination, including evaluations of the medical evidence and credibility

7

determinations as to Dellapolla's testimony.[3]  Accordingly, the ALJ's finding that

Dellapolla was not disabled prior to June 22, 2012 was supported by substantial evidence.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[3] We have considered Dellapolla's other arguments and deem them to be without merit.