GEORGE HARRIS, PLAINTIFF-RESPONDENT, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Argued February 4, 1964—Decided March 2, 1964.

*Mr. Nicholas Conover English* argued the cause for defendant-appellant (*Messrs. McCarter & English,* attorneys; *Mr. English,* of counsel).

*Mr. Jerry M. Finn* argued the cause for plaintiff-respondent (*Messrs. Greenstone & Greenstone,* attorneys; *Messrs. Goldberger, Ostrow, Siegel & Finn* and *Mr. Finn,* on the brief).

The opinion of the court was delivered by

HALL, J.   This suit for benefits under an accident insurance policy was decided below before our opinion in *Linden Motor Freight Co., Inc. v. Travelers Insurance Co.,* 40 *N. J.* 511, 538 (1963).   The Appellate Division affirmed a recovery for the insured awarded by the trial court sitting without a jury.   78 *N. J. Super.* 578 (1963).   Certification was granted on the insurer's petition.   40 *N. J.* 506 (1963).   The question is whether the result is correct in view of *Linden.*

Here plaintiff suffered a heart attack—a myocardial infarction—by reason of exertion in performance of his regular work.   He was engaged in moving two heavy steel tanks from a truck to a platform.   Nothing unusual occurred in the operation nor did anything involuntary or unforeseen happen with respect to plaintiff's physical movements.   The effort was simply too great for his heart.   The circumstances preceding the unexpected result as well as the nature of the result itself were no different from those in *Linden.*

Nor do we find any significant distinction, with respect to the issue before us, in the insuring language of the two policies.   This contract provided coverage for disability arising out of bodily injury sustained "as the direct result of an accident, independent of all other causes."   The double indemnity provision of the life policy in *Linden* was conditioned upon the sustainment of "bodily injuries effected directly and independently of all other causes through external, violent and accidental means."   (The effect of the language in the *Linden* policy calling for "external" and "violent" as well as "accidental" means was not raised there.   40 *N. J.,* at *p.* 516, *n.* 1).   Neither contract insures merely against an accidental result.   *Cf.* 40 *N. J.,* at *p.* 527, *n.* 4.

This case is therefore governed by *Linden,* in which we held that the contract did not cover under the following

rationale: Where the policy does not, by its language, give coverage for simply an accidental result but requires that there be "something accidental, in the common and popular sense, in the cause of the resulting injury, *i. e.*, in the events preceding and leading up to it." (40 *N. J.*, at *p.* 526), the language cannot be construed to insure merely against an accidental result. Whether the preceding events—the means or cause of the bodily injury resulting—are accidental will be determined by the reasonable appreciation, understanding and expectation of the average policy purchaser in the light of and having in mind the limiting language of the insuring clause. This is a question of fact unless the average policy-holder could not reasonably reach a conclusion of coverage in the particular circumstances. Where the resultant injury is to the heart, brought on by reason of exertion from activity, voluntarily pursued, in which nothing unexpected or unforeseen occurs beyond the injury itself, and there is nothing which a layman would understand to be an accident, the average policyholder could not reasonably reach a conclusion of coverage. Therefore, as a matter of law, there is no issue thereon to be submitted to the trier of the facts and recovery cannot be had.

The judgment of the Appellate Division is reversed and judgment is directed to be entered for defendant.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.