173 N.J. Super. 370 (1977)
414 A.2d 545
LEONORA R. GOTTFRIED, PLAINTIFF,
v.
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND THE PENN MUTUAL LIFE INSURANCE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division  Somerset County.
Decided September 9, 1977.
*371 Richard H. Thiele, Jr., for plaintiff (Wharton, Stewart & Davis, attorneys).
William L. Dill, Jr., for defendant (Stryker, Tams & Dill, attorneys).
*372 GAYNOR, J.C.C. (temporarily assigned).
In this action the plaintiff seeks to recover accidental death benefits provided by several policies issued by the defendants upon the life of plaintiff's husband, Stanley Gottfried. The defendants have refused payment of such benefits on the ground that the insured's death did not occur under such circumstances as to entitle plaintiff to the accidental death benefits under the policies.
The facts giving rise to this controversy are not in dispute. The insured died suddenly at the age of 44 on May 5, 1974 as a result of a heart attack. He had no indication of any heart disease prior to the fatal attack and, in the summer of 1973 had been pronounced in sound physical condition, except for slightly elevated blood sugar, after undergoing a complete physical examination. While a youth, the insured had been an active participant in sports and for some years prior to his death regularly played tennis, as well as engaging in other athletic activities. At the time of his death, Mr. Gottfried was employed by The Singer Company as the Comptroller of one of the company's plants. However on the morning of May 4th, 1974 he had informed his superior that he was resigning because of his dissatisfaction with his progress in the company.
On the evening of May 4, 1974, he attended an informal dinner party in the company of his wife at the home of friends in Bridgewater Township. He had a drink or two and a light supper. After dinner, three of the men, including Mr. Gottfried, decided to play basketball with a group of teenagers in attendance utilizing the tennis court owned by the host. The game commenced about 11:00 p.m. and continued for a half hour or more. It was a vigorous game, with the three men competing against three boys. After the game the decedent upon returning to the residence, appeared to be perspiring profusely. He sat down, asked for a towel to wipe his perspiration and, while the towel was being obtained, slumped over unconscious. Physicians in the area promptly responded, and Gottfried was *373 transported directly to the Somerset Hospital where he was pronounced dead at 12:03 a.m. on May 5, 1974.
No autopsy was performed, and the death certificate indicated the cause of death as an acute myocardial infarction due to arteriosclerotic cardiovascular disease. This cause of death was confirmed by the opinion testimony of a physician, Dr. D. Goodman Rowland. It was also Dr. Rowland's opinion that the precipitating factors of the insured's death were an underlying coronary arteriosclerotic condition and the exertion experienced in the basketball game. Dr. Rowland opined that it was the stress of the physical activity superimposed upon the underlying condition which resulted in the fatal occlusion, and it was only because of such stress that the insured met his death on May 5th. He also admitted that, without the existing arteriosclerotic condition, the physical stress of the basketball game would not have caused the insured's death.
Mr. Gottfried was insured under a Group Policy issued by Prudential Insurance Company of America to The Singer Company. This policy contained an Employee Group Accident Loss Insurance Rider which provides:
ACCIDENT LOSS BENEFITS
If an employee, while insured under this Rider, sustains accidental bodily injuries and within the period of ninety consecutive days following the date upon which such injuries are incurred (said period hereinafter referred to as the `Accident Loss Period'), suffers the loss of life as a direct result of such injuries and independently of all other causes, the Insurance Company will, subject to the provisions hereinafter stated, pay in one sum to the Employee's Beneficiary, the amount provided for such loss.
EXCLUSIONS
THE INSURANCE PROVIDED HEREUNDER DOES NOT COVER ANY LOSS WHICH RESULTS ... (b) DIRECTLY OR INDIRECTLY FROM BODILY OR MENTAL INFIRMITY OR DISEASE OR MEDICAL OR SURGICAL TREATMENT THEREOF ...
*374 Mr. Gottfried was also the insured under four policies issued by the Penn Mutual Life Insurance Company. The provisions of these policies applicable to the subject action provide:
THE PENN MUTUAL LIFE INSURANCE COMPANY agrees, subject to the terms and conditions of this agreement, to pay the Accidental Death Benefit upon a receipt of due proof that the death of the insured resulted directly and independently of all other causes from accidental bodily injury evidenced by a visible contusion or wound on the exterior of the body (except in the case of a drowning or internal injury revealed by an autopsy) and that such death occurred within 90 days after such injury was sustained and before termination of this agreement .. .

Provided further however, that no benefit shall be payable under this agreement if death results directly or indirectly from (1) illness or disease of any kind or from physical or mental infirmity ...
It is the plaintiff's contention that the circumstances of the insured's death are such as to bring it within the terms of the above quoted provisions of the subject policies and accordingly she is entitled to the supplemental benefits payable thereunder.
The defendants assert that the death of Mr. Gottfried was brought on by reason of exertion from activity voluntarily pursued, without any unexpected or unforeseen event occurring beyond the injury itself, and therefore the fatal myocardial infarction which he suffered was not within the coverage of the policies providing benefits for death resulting from accidental bodily injury.
Plaintiff's position is based upon an asserted distinction between the controlling words in the accident benefit clauses of the subject policies, i.e., "accidental bodily injury" and policy provisions conditioning accident benefits upon "bodily injuries effected through accidental means." Plaintiff acknowledges that when the insuring contract contains the "accidental means" language, coverage is intended only where the injury is the result of some unforeseen or unexpected event producing the injury, and that a heart attack brought about by exertion from activity voluntarily engaged in, and in which nothing unexpected or unforeseen occurs beyond the injury itself, would not be *375 covered for accidental benefits under a policy containing such language. However, plaintiff asserts that the key language contained in the subject policies, namely "accidental bodily injuries" provides coverage for accidental results, and that an unexpected heart attack consequent upon physical exertion is a resulting accidental injury to the body. Thus, it is argued that such coverage is not dependent upon some unusual or untoward event occurring beyond the injury itself. Plaintiff equates "accidental bodily injury" with "accidental result," and suggests that prior decisions, which denied recovery in factual circumstances similar to the case sub judice under policies containing "accidental means" language, would have reached opposite results if the contract provisions were as set forth in the policies insuring Mr. Gottfried's life. In effect, plaintiff seeks to avoid the result of the rule adopted in this State, i.e., the distinction between accidental means and accidental results in construing double indemnity provisions of insurance contracts, by ascribing a particularly restrictive meaning to the term "accidental bodily injury."
The applicability of accidental benefit provisions to deaths occurring under circumstances analogous to the instant case has been previously considered by our Supreme Court. Linden Motor Freight Co. Inc. v. Travelers Insurance Company, 40 N.J. 511 (1963); Harris v. John Hancock Mutual Life Insurance Co., 41 N.J. 565 (1964); Perrine v. Prudential Insurance Company of America, 56 N.J. 120 (1970). As enunciated in these decisions the determinative inquiry to be made in such cases is whether the average policyholder could reasonably consider that there was something about the events preceding and resulting in the bodily injury which would lead him to call such events "accidental", having in mind the limiting language of the insurance contract.
In the Linden case, the insured suffered a fatal myocardial infarction after lifting several heavy cartons during the course *376 of his employment. The beneficiary sought to recover double indemnity benefits under the insuring policy which provided for such payment upon the sustainment of "bodily injuries effected directly and independently of all other causes through external, violent and accidental means." In denying coverage for the accident benefits, the court reasoned that the average policyholder would understand that these benefits would be payable only where the death was attributable to something accidental, in the common sense, in the events preceding and leading up to the resulting injury. There being no unforeseen or unexpected happening while the insured was performing his work preceding the fatal attack, his death was not effected through accidental means. In reaching this result the court observed:
In ascribing a reasonable interpretation to the terms of the policy here involved, it is, to us, beyond question that `means' has reference to `cause,' and that the double indemnity benefits of this policy should be available only where there is something accidental, in the common and popular sense, in the cause of the resulting injury, i.e., in the events preceding and leading up to it. The insurer has specified, and we think the average policyholder would fairly appreciate, that the insurance is not against every death which might be thought accidental because unforeseen, unexpected or unusual in the circumstances, but only covers those situations where there was something of like quality which happened during the preceding events and brought about or contributed to the result.
This same test was utilized in Harris v. John Hancock Mutual Life Insurance Co., supra, in which recovery of accident benefits was sought under a contract providing coverage for disability arising out of bodily injury sustained "as the direct result of an accident." The injury suffered by the insured was a myocardial infarction sustained as the result of exertion in performing his regular duties. In concluding that this policy provision did not insure against an accidental result, the Court relied upon its prior decision in Linden, stating:

*377 This case is therefore governed by Linden, in which we held that the contract did not cover under the following rationale: Where the policy does not, by its language, give coverage for simply an accidental result but required that there be `something accidental, in the common and popular sense, in the cause of the resulting injury, i.e., in the events preceding and leading up to it.' (40 N.J. at p. 526), the language cannot be construed to insure merely against an accidental result. Whether the preceding events  the means or cause of the bodily injury resulting  are accidental will be determined by the reasonable appreciation, understanding and expectation of the average policy purchaser in the light of and having in mind the limiting language of the insuring clause. This is a question of fact unless the average policyholder could not reasonably reach a conclusion of coverage in the particular circumstances. Where the resultant injury is to the heart, brought on by reason of exertion from activity, voluntarily pursued, in which nothing unexpected or unforeseen occurs beyond the injury itself, and there is nothing which a layman would understand to be an accident, the average policyholder could not reasonably reach a conclusion of coverage. Therefore, as a matter of law, there is no issue thereon to be submitted to the trier of the facts and recovery cannot be had.
Subsequently, in Perrine v. Prudential Insurance Company of America, supra, in which the beneficiary sought to recover the double indemnity benefit under a policy providing for such payment in case death occurred "as a result ... of bodily injuries effected ... through ... accidental means", the court pointed out that in Linden it had enunciated, as the rule for the interpretation and application of accident provisions in insurance contracts, the test of the reasonable expectations of the average policyholder. By way of further explanation of its ruling, the Court stated:
We indicated initially that the average policyholder would fairly appreciate that, in view of the restrictive language used, `the insurance is not against every death which might be thought accidental because unforeseen, unexpected or unusual in the circumstances * * *.' (40 N.J. at 526). And then we directed that the average policyholder inquiry be as to the events preceding and leading up to the result under the thesis summarized in Harris: "Whether the preceding events  the means or cause of the bodily injury resulting  are accidental will be determined by the reasonable appreciation, understanding and expectation of the average policy purchaser in the light of and having in mind the limiting language of the insuring clause. This is a question of fact unless the average *378 policyholder could not reasonably reach a conclusion of coverage in the particular circumstances.' (41 N.J. at 568). In those cases we concluded (with which the plaintiff in this case thoroughly agrees) that, where the resultant injury is a heart attack brought on by reason of exertion, no average policyholder could reasonably consider anything in the preceding events "accidental." Therefore we held the question became one of law and no recovery could be had.
Plaintiff asserts that the opinions in the above cited cases make it clear that the denial of the supplemental benefits was only because of the specific limiting language of the insuring agreements, and that contracts which do not contain the key words "accidental means" must therefore be considered as insuring against accidental results. Reliance is placed upon the footnote in the Linden opinion in which the Court cited two cases from other jurisdictions in which coverage was found under policies providing benefits in the event of "accidental bodily injuries" for heart disorders occurring after some voluntary activity not involving any unforeseen event. However, plaintiff overlooks the context in which these cases were referred to, as well as the Court's observation that the average policyholder's understanding of an accident clause has to be the same whether the key words in the policy are "accidental bodily injuries" or "bodily injuries effected ... through . . accidental means." We cannot agree that the Supreme Court has drawn a distinction, or provided any basis for inferring a distinction, between accident terms of insurance policies granting benefits for a death effected through accidental means or for a death resulting from accidental bodily injury. Nor do we discern the distinction as urged by the plaintiff. A reasonable and natural understanding of the language "accidental bodily injury" is that of an injury caused by an accident, and accordingly, this term must be construed as having reference to the operative cause of an accident. Thus, an injury to be considered "accidental" must be the result of some unforeseen and unexpected event preceding and producing the injury. This conclusion *379 is supported by the case of Schwartz v. John Hancock Mutual Life Insurance Company, 96 N.J. Super. 520 (Law Div. 1967), aff'd. 99 N.J. Super. 223 (App.Div.), cert. denied, 51 N.J. 193 (1968), wherein the Court construed an "accidental bodily injury" provision as relating to an injury effected through accidental means, and also by the decision in Chelly v. The Home Insurance Company, 285 A.2d 810 (Sup.Ct., Del. 1971), that a policy insuring against "bodily injury caused directly by accident" provided coverage only for an injury preceded by unexpected events which might be termed accidental causes.
As directed in Perrine, the issue thus to be determined is whether the average holder of a policy insuring against death resulting from "accidental bodily injuries" would consider that there was something about the events preceding an unexpected death which would lead him reasonably to call the means accidental, even though, strictly speaking, nothing unforeseen or untoward occurred in the course of the preceding acts. Here, Mr. Gottfried suffered the heart attack after engaging in a strenuous game of pick-up basketball. There is no evidence as to any unusual or unforeseen event which took place during this game. In fact, it is acknowledged by the plaintiff that no such event occurred. The fatal injury resulted from the exertion of the activity, which was voluntarily pursued by the insured, superimposed upon his underlying arteriosclerotic condition. There is nothing about the circumstances preceding and leading up to the unfortunate fatal infarction which could be considered as involving an accident, in the common and popular sense of that term, thereby giving rise to the supplemental benefits payable by the defendants for death resulting from accidental bodily injuries. As was concluded in Harris, where the resultant injury is a heart attack brought on by exertion no average policyholder could reasonably consider anything in the preceding events to be accidental.
*380 We therefore conclude that coverage under the double indemnity provisions of the subject policies does not extend to the circumstances of the insured's death. By reason of this determination it is unnecessary to pass upon the other issues raised by the plaintiff. Accordingly, judgment is granted in favor of the defendant.
An appropriate form of judgment may be submitted.