LANG, Neil and Linda Lang, Appellants,

v.

NEW YORK LIFE INSURANCE COM-
PANY, a New York corporation.

No. 83–5123.

United States Court of Appeals,
Third Circuit.

Argued Sept. 14, 1983.

Decided Nov. 10, 1983.

William J. Lang (argued), Pompton
Plains, N.J., for appellants.

Mark F. Hughes, Jr. (argued), Kraft &
Hughes, Newark, N.J., for appellee.

Before ADAMS, HUNTER and GARTH,
Circuit Judges.

### OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

### I. INTRODUCTION

This appeal arises from a final order of
the United States District Court for the
District of New Jersey granting summary
judgment in favor of defendant New York
Life Insurance Company ("New York
Life"). Because we believe that the district
court erred in its interpretation of New
Jersey law, we will reverse the order of the
district court and remand.

### II. DISCUSSION

On April 22, 1980, New York Life issued
a One Hundred Thousand Dollar ($100,000)
double indemnity life insurance policy on
the life of Nicholas Lang, the 10-month-old
son of Linda and Neil Lang. The policy
was in effect at the time of Nicholas' death,
March 14, 1981. Upon notification of death,
New York Life paid the Langs $100,000, the
face value of the policy. The Langs
brought suit in the Superior Court of New
Jersey to recover an additional $100,000 un-
der the accidental death provision of the

policy.[1] New York Life denied liability, alleging that there had been no "accident." New York Life relied, in the alternative, upon an exclusionary clause in the insurance policy which stated:

Benefits Not Payable. The Accidental Death Benefit is not payable if the Insured's death is contributed to or caused by:

1. Any disease or infirmity of mind or body ... [App. at 9].

The case was removed to federal court on the basis of diversity. Both parties filed motions for summary judgment. The district court granted summary judgment for the defendant based on the exclusionary language quoted above. This appeal followed.

■ Summary judgment may only be granted if, upon a review of the materials properly before the court, see Fed.R.Civ.P. 56(c), and viewing the evidence thus considered in a light most favorable to the non-moving party, the court is convinced that no genuine issue of material fact remains for trial and that the movant is entitled to judgment as a matter of law. *Scott v. Plante,* 532 F.2d 939, 945 (3d Cir.1976). For purposes of this appeal, the following facts must be taken as established.

Except for chronic ear problems,[2] Nicholas was generally in good health until March 12, 1981, when he developed a hernia in his left groin. Although this condition is harmless in itself, surgery is usually performed to prevent strangulation, which is a twisting or constricting of the hernia that obstructs the blood supply and causes death. Nicholas underwent corrective surgery on March 13. At no time before or during surgery did his doctors discover a second hernia located in a fissure in the innermost layers of his abdominal wall, a few inches above the first hernia. A hernia in this area is exceedingly rare and difficult to detect, especially when, as in this case, it is asymptomatic. This undiscovered second hernia became strangulated during surgery or presurgical examination. Nicholas died the next morning as a result of the strangulated hernia.

■ The question before this court is whether the trial court erred in applying the relevant substantive law to these facts. Both parties agree that New Jersey law governs the validity and interpretation of the insurance contract. As a federal court sitting in diversity, it is our duty to predict the course that the New Jersey Supreme Court would take if presented with the legal issues before us. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Selected Risks Insurance Co. v. Bruno,* 718 F.2d 67, 70 n. 3 (3d Cir.1983).

■ Our decision to reverse the district court is compelled by *Gottfried v. Prudential Insurance Co. of America,* 82 N.J. 478, 414 A.2d 544 (1980) (per curiam) (reversing 173 N.J.Super. 381, 414 A.2d 551 (App.Div. 1979) (per curiam) ). In light of the procedural history of *Gottfried,* the reasoning of the New Jersey Supreme Court in that case is not entirely clear. The trial court in *Gottfried* granted summary judgment in favor of the defendant insurance company, holding that decedent's fatal heart attack did not fall within the coverage of the accidental death benefits provision of the

1. The insuring clause of the policy provided in relevant part that:

The Company will pay an Accidental Death Benefit to the beneficiary upon receiving proof that the Insured's death was caused directly, and independently of any other cause, by accidental bodily injury and that death occurred within one year after that injury.
[App. at 9].

2. On May 24, 1980, approximately one month after the policy was issued, Nicholas was rushed to the hospital while vacationing with his parents in Florida. He was treated for inflammation of the middle ear and for grand mal seizures caused by his high temperature. He was discharged several days later when his fever had subsided. He was hospitalized a second time on December 23, 1980 for surgery to correct a chronic middle ear condition. Tubes were inserted in his eustachian tubes to prevent the build-up of middle ear fluid that had been impairing his hearing. According to the doctor's report, Nicholas tolerated surgery well.

insurance policy at issue. *Gottfried v. Prudential Insurance Co. of America,* 173 N.J. Super. 370, 414 A.2d 545 (L.Div.1977), *aff'd per curiam,* 173 N.J.Super. 381, 414 A.2d 551 (App.Div.1979), *rev'd per curiam,* 82 N.J. 478, 414 A.2d 544 (1980). The Appellate Division affirmed the trial court over the vigorous dissent of Judge Kole. *Gottfried v. Prudential Insurance Co. of America,* 173 N.J.Super. 381, 414 A.2d 551 (App.Div.1979) (per curiam), *rev'd per curiam,* 82 N.J. 478, 414 A.2d 544 (1980). Judge Kole stated that the heart attack was covered by the accidental death benefit clause of the policy. He further determined that the policy's exclusionary clause did not bar recovery, an issue that the trial court had not addressed. *See id.* 173 N.J.Super. at 381–96, 414 A.2d at 551–58 (Kole, J., dissenting).

In a one sentence per curiam opinion, the Supreme Court of New Jersey reversed the judgment of the Appellate Division *"substantially* for the reasons expressed in the dissenting opinion of Judge Kole...." *Gottfried,* 82 N.J. at 481, 414 A.2d at 545 (emphasis added). Although the Supreme Court did not expressly adopt Judge Kole's opinion, we believe that Judge Kole's reasoning is the best available evidence upon which to base our prediction of New Jersey law.

In *Gottfried,* a 44 year old patently healthy man died of a heart attack after eating a light dinner and playing a vigorous game of basketball with two other men and three teenage boys. After his death it was determined that Gottfried had arteriosclero-sis and that the vigorous exercise had reacted with that condition to cause the heart attack. He had had no symptoms or prior history of this disease. His wife sought to recover accidental death benefits on a double indemnity policy, like the one involved here, that provided coverage for death sustained as a result of "accidental bodily injury." [3]

Judge Kole in *Gottfried* found no obstacle to recovery in the exclusionary clause of Gottfried's policy, a provision that was nearly identical to the exclusionary clause in the Lang's policy.[4] Noting that Gottfried's arteriosclerosis was asymptomatic, Judge Kole stated that Gottfried's exertion was the sole proximate cause of death and that the underlying arteriosclerosis became a "disease" only when it combined with the exertion to produce the heart attack. *Gottfried,* 173 N.J.Super. at 393, 414 A.2d at 557. In rejecting the argument that arteriosclerosis was a contributing or proximate cause of death, Judge Kole wrote:

> Where, as here, a latent, inactive condition or disease, not known to the insured, is not accompanied by any symptoms and is precipitated or activated by an accident or accidental bodily injury into a resulting disability or death, such condition or disease is neither an independent cause under the insuring clause, nor *a disease such as to defeat coverage under the exclusion clause,* involved in the instant case.

---

**3.** Mr. Gottfried was insured by Prudential Insurance Company of America and Penn Mutual Life Insurance Company. The relevant language in the Prudential policy provided:

*ACCIDENT LOSS BENEFITS*

If an employee ... sustains accidental bodily injuries and ... suffers the loss of life as a direct result of such injuries and independently of all other causes, the Insurance Company will, subject to the provisions hereinafter stated, pay ... the amount provided for such loss.

EXCLUSIONS

THE INSURANCE PROVIDED HEREUNDER DOES NOT COVER ANY LOSS WHICH RESULTS ... (b) DIRECTLY OR INDIRECTLY FROM BODILY OR MENTAL INFIRMITY OR DISEASE OR MEDICAL OR SURGICAL TREATMENT THEREOF....

The Penn Mutual policy provided:

THE PENN MUTUAL LIFE INSURANCE COMPANY agrees, subject to the terms and conditions of this agreement, to pay Accidental Death Benefits upon a receipt of due proof that the death of the insured resulted directly and independently of all other causes from accidental bodily injury....

*Provided further however,* that no benefit shall be payable under this agreement if death results directly or indirectly from (1) illness or disease of any kind or from physical or mental infirmity....

**4.** *Compare* note 1 & typescript at 3 *supra with* note 3 *supra.*

*Id.* at 394, 414 A.2d at 557 (citing *Kievit v. Loyal Protective Life Insurance Co.,* 34 N.J. 475, 483–89, 170 A.2d 22, 27–29 (1961) ) (emphasis added).

Whatever we may think of the wisdom of Judge Kole's *Gottfried* opinion, it represents the best evidence of the current view of the New Jersey Supreme Court on this subject, and as such we are bound by it. In this case, as in *Gottfried,* plaintiffs allege that a latent, inactive asymptomatic condition (the second hernia), not previously known to them, precipitated by an accidental bodily injury, caused their son's death.[5] The exclusionary clause at issue in this case cannot be distinguished from the one involved in *Gottfried.* We are therefore compelled to reverse the order of the district court and remand for proceedings consistent with this opinion.

---

**5.** Because the court below resolved this case entirely on the basis of the exclusionary clause, there was no occasion to determine whether the facts alleged by the Langs and supported by affidavits had been proven. These factual issues, such as whether the second hernia was latent, inactive and asymptomatic, or whether the second hernia arose from a known infirm condition, may be relevant to the issue of coverage as well as exclusion, depending on the construction that the district court gives to the insuring clause. We leave it to the district court to address these issues on remand.