TOWNSHIP OF GLOUCESTER, A Municipal Corporation of the State of New Jersey, Plaintiff,

v.

MARYLAND CASUALTY COMPANY, et al., Defendants.

Civ. A. No. 83–4616 (SSB).

United States District Court, D. New Jersey.

July 6, 1988.

---

Paschon, Feurey & Rosetto by Richard L. Costanzo, Toms River, N.J., for Gloucester Tp.

Slimm, Dash & Goldberg by John L. Slimm, Westmont, N.J., for Home Ins. Co.

Hughes, Hendrix & Wallace by Gerald A. Hughes, West Trenton, N.J., for Maryland Cas. Co.

Kirkpatrick & Rathman by John G. Rathman, Rumson, N.J., for American Reliance Ins. Co.

German, Gallagher & Murtagh by John P. Shusted, Philadelphia, Pa., for Mut. Fire, Marine and Inland Ins. Co.

James D. Butler, Jersey City, N.J., for Chicago Ins. Co.

White & Williams, Philadelphia, Pa., for Ins. Co. of North America.

## OPINION

BROTMAN, District Judge:

## I. INTRODUCTION

Presently before the court are the motions of Home Insurance Company ("Home"), Mutual Fire, Marine and Inland Insurance Company ("Mutual"), and Chicago Insurance Company ("Chicago") for summary judgment. Opposition to these motions has been filed by the Township of Gloucester (the "Township"), Maryland Casualty Company ("Maryland"), and American Reliance Insurance Company (formerly Farmer's Reliance Insurance Company) ("American"). This opposition was joined in by Insurance Company of North America ("INA") during oral argument.

Maryland and American had also originally filed motions for leave to file cross-claims against Home and Mutual and third-party claims against City Insurance Company ("City"). However, as will be explained in the following opinion, these motions were subsequently withdrawn by Maryland and American at oral argument.

For the reasons set forth below, the motions for summary judgment by Home, Mutual and Chicago are granted.

## II. FACTS AND PROCEDURE

The procedural and factual history of this matter as it relates to the moving parties was discussed in some detail in this court's August 19, 1987 opinion (the "August 19 opinion"), 668 F.Supp. 394, and need not be repeated in full here. It is sufficient, for the purposes of resolving the present motion, to state that this action commenced as a declaratory judgment suit, filed by the Township, to determine the existence and extent of defendant insurance companies' obligation to defend and indemnify plaintiff for expenses related to the closure and clean-up of the Gloucester Landfill. This landfill was ordered closed by the Superior Court of New Jersey, in November of 1980.

Plaintiff's original complaint was filed on April 22, 1982, in New Jersey state court, and named, *inter alia,* Maryland and American as defendants. Thereafter, in November, 1982, the Township was named by the New Jersey State Department of Environmental Protection ("DEP") as a direct defendant in *NJDEP v. Gloucester Environmental Management Services,* No. 84–152 (the "Enforcement Action"). The complaint was amended on October 7, 1982, to include Home and Chicago as defendants. Plaintiff then filed a second amended complaint on October 18, 1983, naming the United States Environmental Protection Agency ("EPA") and Mutual as defendants. The case was subsequently removed to this court. After July 2, 1982, numerous civil actions were commenced by residents who live around the Gloucester Landfill ("private party actions").

In the August 19 opinion, this court addressed motions for partial summary judgment made on behalf of four defendants: Maryland, American, Insurance Company of North America ("INA"), and Home. In support of these motions, defendants asserted four theories under which they argued that they had no duty to indemnify plaintiff, pursuant to the comprehensive general liability policies ("CGLs"), which each defendant had issued to the Township: (1) that clean up and closure costs did not constitute "damages" within the meaning of the insurance contracts; (2) that such costs were not indemnifiable under the "ownership" exclusion of the contracts; (3) that closure was a certainty and not a risk; and (4) that fines and penalties were not "damages" as contemplated by the insurance contracts and that to indemnify such costs would violate public policy. The court, after construing the relevant policy language and applicable New Jersey law, denied defendants' motions as to the first three theories, but granted defendants' motion in so far as it sought a declaration that defendants were not obligated to indemnify plaintiff for fines and penalties. The court also considered an additional argument for partial summary judgment asserted by Home, i.e. that the "occurrence" alleged in the underlying Enforcement Action did not take place within the period of coverage of the Home policy at issue, CGL Policy No 8–772373, which commenced July 2, 1982. The court granted Home's motion on this ground, stating:

> The underlying DEP complaint does not allege damage during the term of the Home policy. *Continental Insurance Companies v. Northeastern Pharmaceutical Co.,* No. 845034–CV–S–4, slip op. at A (W.D.Mo. June 25, 1985) [1985 WL 6419]. It is clear, based on the record before the court, that the Township had actual knowledge of the occurrence prior to the Home policy period. In the case of the Home policy, this is not a situation where the Township could have reasonably expected that it "was free of the risk of becoming liable for injuries of which it could not have been aware prior to its purchase of insurance." *Keene,* [Corporation v. Insurance Company of North America] 667 F.2d at [1034] 1046 [ (D.C.Cir.1981) ] (citation omitted). One cannot obtain insurance for a risk that the insured knows has already transpired. . . .

668 F.Supp. 394, 402–03 (D.N.J.1987).

Home now moves for summary judgment on the remaining claims against it in plain-

tiff's complaint. These allegations are as follows:

(a) that defendant has shown bad faith in not defending or indemnifying the plaintiff, Amended Complaint at Count 18, subparagraph 125(f);

(b) that defendant violated N.J.S.A. 56:8–1 *et seq,* the Consumer Fraud Act, *id.* at Count 18, subparagraph 125(g); and

(c) that defendant violated N.J.S.A. 17B:30–1 *et seq.,* the Trade Practices and Discrimination Act, *id.* at Count 18, subparagraph 125(h).

Mutual and Chicago also seek summary judgment for the same reasons that the court granted summary judgment to Home in the August 19 opinion. Mutual issued a CGL policy to the Township, the term of coverage of which was July 2, 1983, through July 2, 1984. Chicago issued an excess insurance policy to plaintiff covering the period May 6, 1982 to May 6, 1983.

Additionally, Maryland and American seek leave to file cross-claims against Home and Mutual and third-party claims against City. City is a subsidiary of Home, and through discovery it was learned that City issued two excess policies to Gloucester Environmental Services, Inc. ("GEMS"), a defendant in the Enforcement Action. These policies, # HEC 9834431 and # HEC 991 0829, jointly cover the period September 1, 1979 through September 1, 1981. Both of these policies contain the following definition of "insured":

The unqualified word "Insured," whenever used herein, means not only the Named Insured, but also means the following:

. . . . .

. . . . .

(c) Any person, organization, trustee or estate to whom the Named Insured is obligated by virtue of a written contract or agreement to provide insurance such as is afforded by this policy, but only in respect of operations by or on behalf of the Named Insured or of facilities of the Named Insured.

Plaintiff, in 1969, leased the Gloucester Landfill to Anthony Amadei Sand and Gravel, Inc. ("Amadei"), which thereafter assigned the lease to defendant Erlich. Defendant Erlich, in turn, assigned the contract to GEMS in June of 1975. Paragraph 6 of this contract provided:

It is agreed that the Contractor of the sanitary landfill will provide a certificate of insurance setting forth that it has at least $100,000.00 in public liability insurance coverage for each person and $300,-000.00 in public liability coverage for each incident for which the Contractor or the Township of Gloucester may become liable under said operation of the sanitary landfill. It is further agreed that the Contractor will provide an indemnification bond in favor of the Township of Gloucester with proper surety to indemnify the Township of Gloucester for any losses which may occur to it as a result of any action of the Contractor.

## III. DISCUSSION

The standard for granting summary judgment is a stringent one. Fed.R.Civ.P. 56(c) provides that summary judgment may be granted only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Hersh v. Allen Prods. Co.,* 789 F.2d 230, 232 (3d Cir.1986); *Lang v. New York Life Insurance Co.,* 721 F.2d 118 (3d Cir. 1983). In deciding whether an issue of material fact does exist, the court is required to view all doubt in favor of the nonmoving party. *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 (3d Cir.1983), *cert. denied,* 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984); *Knoll v. Springfield Township School District,* 699 F.2d 137, 145 (3d Cir.1983); *Smith v. Pittsburgh Gage and Supply Co.,* 464 F.2d 870, 874 (3d Cir.1972). The threshold inquiry is whether there are genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 213 (1986). The Supreme Court has interpreted Fed.R.Civ. P. 56(c) as mandating:

... the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273 (1986). Thus, if the plaintiff's evidence is merely "colorable" or is "not significantly probative," summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 106 S.Ct. at 2511.

### (A) *Home's Motion for Summary Judgment*

Home's motion for summary judgment as to the remaining claims against it is opposed on three separate grounds: (1) that genuine issues of material fact exist as to whether the Township had actual knowledge of the damage alleged in the Enforcement Action prior to the period of coverage of the Home CGL policy no. 8–772373; (2) that genuine issues of material fact exist as to whether Home has a duty to defend and indemnify the Township with respect to the private party actions; and (3) that Home may have a duty to indemnify plaintiff by virtue of the excess policies issued by City to GEMS.

In their submissions, Maryland and American concede, and the court agrees, that Home is entitled to complete summary judgment under CGL policy no. 8–772373. This conclusion is based on this court's August 19 opinion, which held that the Township had actual knowledge of the "occurrence", i.e. the pollution damage, alleged in the underlying Enforcement Action prior to July 2, 1982. 668 F.Supp. at 403. In light of this determination, we must reject the Township's suggestion that Home's motion be denied on the basis of the existence of issues of fact relevant to plaintiff's actual knowledge of the "occurrence," as being directly inconsistent with the court's prior ruling which is now the law of the case.

■ Similarly, the existence of the private party actions does not preclude entry of summary judgment for Home. The complaint in this action seeks a declaration that Home owes a duty to defend and indemnify plaintiff against all claims and allegations in the underlying Enforcement Action. The complaint does not seek a declaration of Home's responsibilities, if any, regarding the private party actions. Therefore, judgment for Home, whether in the context of the CGL policy or the City excess policies, is not foreclosed by the pendency of the private party actions.

■ The third argument asserted by the opponents to Home's motion is that Home may have a duty to indemnify plaintiff by virtue of the excess policies issued by City to GEMS. These policies have a joint term of coverage from September 1, 1979 through September 1, 1981, a period of time prior to when, according to the complaint in the Enforcement Action, plaintiff had actual knowledge of the pollution damage in question. The underlying DEP complaint alleges that the Township "knew or should have known that dangerous chemicals were leaking from the landfill into surrounding groundwater and surface waters," as of June of 1980.

Accordingly, the City policies may provide coverage to plaintiff for the potential liability posed by the Enforcement Action, in view of the definition of insured which appears in those policies, and the terms of the lease between the Township and GEMS. Home, in turn, may owe some duty to plaintiff through the City policies, based on Home's relationship with its subsidiary.

In attempting to refute this argument, Home does not dispute that the City policies may provide coverage to plaintiff for the damages alleged in the Enforcement Action, or that Home may owe some duty to plaintiff by virtue of its legal relationship with City. Instead, Home contends that it was made a party to the present action based solely on its issuance to plaintiff of CGL policy no. 8–772373, and not on the basis of the issuance of the City policies. Therefore, Home argues, it cannot be kept in this litigation by reason of its potential liability under the excess policies.

The court finds Home's argument persuasive. Indeed, the complaint in this action, as it relates to Home, specifically refers only to the CGL policy. Had the Township chosen to assert a claim against Home based on the City policies, we would have a different case, in which disputed issues of material fact would no doubt remain. In the absence of such an allegation, however, there is no ground for keeping Home in this lawsuit.

■ The court notes, parenthetically, that, in asserting the private party actions and the City policies as bases for denying Home's summary judgment motion, Maryland, American and the Township have expressed the concern that, under New Jersey's entire controversy doctrine, failure to raise these potential sources of liability now will preclude them from doing so at a later date. New Jersey's entire controversy policy, as embodied in R. 4:27–1(b), "requires that a party include in the action all related claims against an adversary and its failure to do so precludes the maintenance of a second action." *Aetna Ins. Co. v. Gilchrist Brothers, Inc.*, 85 N.J. 550, 556–57, 428 A.2d 1254 (1981).

This concern is unfounded. The present claims against Home seek a declaration of that defendant's duty to defend and indemnify plaintiff, under the terms of the CGL policy no. 8–772373, against the allegations made in the Enforcement Action. The question of Home's liability, if any, relative to the private party actions and the City policies, while possibly involving issues which are present in this litigation, constitute, in this court's judgment, separate controversies. In fact, counsel for Home conceded as much at oral argument, stating that the entry of summary judgment for Home in this action would not give rise to a defense based on the entire controversy doctrine to later claims emanating from the private party actions and City policies.

In light of the foregoing, Home's motion for complete summary judgment is granted.

### (B) *Mutual*

In their papers, Maryland and American state that they do not oppose Mutual's argument for summary judgment on the basis that the "occurrence" alleged in the Enforcement Action did not take place within the term of the Mutual policy. Maryland and American do argue, however, that genuine issues of material fact exist as to whether Mutual has a duty to defend and indemnify the Township with respect to the private party actions. This argument has already been rejected in the context of Home's motion. Accordingly, Mutual's motion for summary judgment is granted.

### (C) *Chicago*

Chicago's motion is opposed on two grounds: (1) that genuine issues of material fact exist as to whether the Township had actual knowledge of the damage alleged in the Enforcement Action prior to May 2, 1982, the beginning of the term of coverage of the Chicago excess policy; and (2) that genuine issues of material fact exist as to whether Chicago has a duty to defend and indemnify the Township with respect to the private party actions. The latter of these two arguments was explicitly rejected in the context of the Home and Mutual motions for summary judgment, and need not be addressed further here.

■ As for the issue of the Township's knowledge prior to May 2, 1982, the August 19 opinion held that the Township had actual knowledge of the "occurrence" alleged in the Enforcement Action by July 2, 1982. In so holding, the court relied on, *inter alia*, the date of closure of the Gloucester Landfill, the dates of filing of the original and amended complaints in the Enforcement Action, and the date of filing of the complaint in the present action. All of these dates, which gave rise to the inference of actual knowledge on the part of the Township, precede May 2, 1982. Therefore, Chicago is entitled to summary judgment pursuant to the same reasoning under which the court granted Home summary judgment in the August 19 opinion.

### (D) *Motions by Maryland and American to Cross–Claim Against Home and Mutual, And To Implead City*

As stated earlier, these applications were withdrawn by Maryland and American at

**1132**

oral argument. This withdrawal was done on the basis of the court's indicating that it did not believe that granting Home's motion for summary judgment would work a future bar to claims against Home arising from the private party actions and City policies, and on Home's concurrence with that determination.

An appropriate order will be entered.

## ORDER

This matter having been brought before the court on motions of Home Insurance Company, Mutual Fire, Marine and Inland Insurance Company and Chicago Insurance Company for summary judgment; and

The court having reviewed the oral argument and the submissions of the parties; and

For the reasons stated in the court's opinion filed this date;

IT IS on this 6th day of July, 1988 hereby

ORDERED that the motions of Home Insurance Company, Mutual Fire, Marine and Inland Insurance Company and Chicago Insurance Company for summary judgment are GRANTED.

No costs.