**AMERICAN CENTENNIAL INSURANCE CO.,**
Plaintiff,

v.

**U.S. EQUAL EMPLOYMENT OPPOR-TUNITY COMMISSION, Defendant.**

Civ. A. No. 87–4262(SSB).

United States District Court,
D. New Jersey.

Aug. 17, 1989.

Weiner, Ostrager, Fieldman & Zucker by P. Dara Angkatavanich, Benjamin Folkman, Moorestown, N.J., for plaintiff.

U.S. E.E.O.C. by Thomas J. Schlageter, Lairold M. Street, Washington, D.C., for defendant E.E.O.C.

## OPINION

BROTMAN, District Judge.

Plaintiff, American Centennial Insurance Co. ("American Centennial"), brings this civil action pursuant to subsection (a)(4)(B) of the Freedom of Information Act ("FOIA" or "Act"), 5 U.S.C. § 552. American Centennial seeks release of all files relating to Equal Employment Opportunity Commission ("EEOC") charge number 061–81–0048.

Presently before the court are cross-motions for summary judgment of plaintiff and defendant. For the reasons set forth below, plaintiff's motion for summary judgment is denied, defendant's motion for summary judgment is granted and the complaint is dismissed.

## I. FACTS AND PROCEDURE

Plaintiff, American Centennial, is one of many insurance carriers which issued policies to Campbell Soup, Inc. ("Campbell"). Defendant, EEOC, is the agency empowered to receive, investigate and, if appropriate, conciliate and litigate charges of discrimination filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to 2000e–17 ("Title VII"). The EEOC has issued a Title VII violation charge against Campbell alleging sex and race discrimination in its employment practices (charge number 061–81–0048). The EEOC initiated the conciliation process, and in June, 1987, made a claim against Campbell to settle the charges for approximately thirty-two million dollars.

Campbell has filed an action in the Superior Court of New Jersey, Chancery Division—Camden County, against the plaintiff and its other insurance carriers seeking defense and indemnification under various insurance policies with respect to the EEOC claim. Plaintiff and the other insurers requested copies of the initial charges, the conciliation agreement and information regarding right to sue letters from the EEOC. The EEOC denied the request and plaintiff appealed. The EEOC subsequently denied the appeal pursuant to 5 U.S.C. § 552(b)(3) and (b)(7)(A). On October 2, 1987, plaintiff filed the present action pursuant to the FOIA to compel the EEOC to produce all files relating to the charge against Campbell. Eighteen other insurance companies, co-defendants in the state court action, have intervened and join in plaintiff's claim.

## II. DISCUSSION

### A. *The Summary Judgment Standard*

The standard for granting summary judgment is a stringent one, but it is not insurmountable. A court may grant summary judgment only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986); *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir.1983). In deciding whether there is a disputed issue of material fact the court must view all doubt in favor of the nonmoving party. *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. denied*, 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984); *Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir.1972). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Recent Supreme Court decisions mandate that "a motion for summary judgment

must be granted unless the party opposing the motion can produce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 618 (3d Cir.1987) (Becker, J., concurring) (citing *Anderson*, 477 U.S. 242, 106 S.Ct. 2505, and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Moreover, once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Thus, even if the movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

### B. *The Freedom of Information Act*

■ The FOIA allows citizens access to government information, thereby ensuring an informed citizenry, vital to the functioning of a democratic society. *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S.Ct. 2311, 2327, 57 L.Ed.2d 159 (1978). In promulgating the FOIA, however, Congress sought to protect certain valid governmental interests by providing nine categories of exemptions from the disclosure provisions of the Act. 5 U.S.C. § 552(b)(1)–(9). The third exemption of the Act allows an agency to withhold records which are:

specifically exempted from disclosure by statute …, provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3) ("Exemption 3").

The relevant statutes pertaining to disclosure of information about conferences and conciliation procedures in Title VII cases are 42 U.S.C. §§ 2000e–5(b) and 2000e–8(e) (sections 706(b) and 709(e) of Title VII). Section 706(b) states:

Charges shall not be made public by the Commission…. [T]he Commission shall endeavor to eliminate any … alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as part of such informal endeavors may be made public by the Commission, its offices or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.

42 U.S.C. § 2000e–5(b). Section 709(e) states:

It shall be unlawful for any officer or employee of the Commission to make public in any matter whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information. Any officer or employee of the Commission who shall make public in any manner whatever any information in violation of this subsection shall be guilty of a misdemeanor….

42 U.S.C. § 2000e–8(e).

Both of the above sections fall within Exemption 3 of the FOIA. The legislative history of the 1976 amendments to Exemption 3 evinces Congress' intent that sections 706(b) and 709(e) fall within that exemption. The House Report states: "[e]xamples of statutes that could justify withholding under the amended exemptions (3) includes sections 706(b) and 709(e) of the Civil Rights Act of 1964 …" H.R.Rep. No. 880, 94th Cong., 2d Sess. 23, *reprinted in* 1976 U.S.Code Cong. & Admin.News 2183, 2205. Courts have also held sections 706(b) and 709(e) to be Exemption 3 statutes.[1] *See Washington Post Co. v. United States Dept. of State*, 685 F.2d 698, 701 (D.C.Cir. 1982) *vacated on other grounds*, 464 U.S. 979, 104 S.Ct. 418, 78 L.Ed.2d 355 (1983); *Westchester General Hospital v. HEW*, 464 F.Supp. 236, 240 n. 2 (M.D.Fla.1979).

Plaintiff argues that sections 706(b) and 709(e) are not Exemption 3 statutes be-

---

1. Plaintiff contends that the weight of authority establishes that 706(b) and 709(e) are not Ex-

cause they allow the EEOC discretion to disclose "some" information. 5 U.S.C. § 552(b)(3)(A). Specifically, American Centennial contends that 29 C.F.R. § 1601.22 ("the regulation") allows the EEOC some discretion in disclosing information. The regulation is the EEOC's contemporaneous interpretation of sections 706(b) and 709(e) which has remained virtually unchanged since 1965 with no objections from Congress and is entitled to special deference. *EEOC v. Associated Dry Goods*, 449 U.S. 590, 600 n. 17, 101 S.Ct. 817, 823 n. 17, 66 L.Ed.2d 762 (1981). The regulation allows disclosure to the parties or their attorneys, witnesses when necessary and government authorities necessary to carry out the EEOC's function under Title VII. The Supreme Court and the Court of Appeals for the Third Circuit have upheld the validity of the regulation, finding that the disclosures it allows are "non-public." *See EEOC v. Associated Dry Goods*, 449 U.S. 590, 101 S.Ct. 817, 66 L.Ed.2d 762 (1981); *EEOC v. Univ. of Pittsburgh*, 643 F.2d 983 (3d Cir.1981). Sections 706(b) and 709(e) prohibit "public" disclosures, the regulation does not allow the EEOC any discretion pertaining to public disclosures and thus does not remove sections 706(b) and 709(e) from the ambit of Exemption 3.

Exemption 3 alternatively requires that a non-disclosure statute establish "particular criteria for withholding or *refer to particular types of matters to be withheld.*" 5 U.S.C. § 552(b)(3) (emphasis added). Plaintiff argues that sections 706(b) and 709(e) are not specific in terms of the type of matters to be withheld from the public. The sections clearly state, however, that nothing said or done in the informal methods of conference, conciliation and persuasion, nor any information obtained by the EEOC during its investigation of a charge can be disclosed. The sections are clearly specific in their absoluteness.

■ Plaintiff further contends that it is premature for this court to rule on whether the requested documents fall within an FOIA exemption because defendant has not provided the court with a *Vaughn* index. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974) requires that a government agency that withholds information pursuant to the Act must first specifically itemize and index the documents sought to facilitate the trial court's determination of which are disclosable and which are exempt. A *Vaughn* index, however, is not required in every non-disclosure situation. When a "claimed FOIA exemption consists of a generic exclusion, dependent upon the category of records rather than the subject matter which each individual record contains, resort to a *Vaughn* index is futile." *Church of Scientology of Cal. v. IRS*, 792 F.2d 146 (D.C.Cir.1986). Sections 706(b) and 709(e) require generic withholding of anything said or done in the informal processes of conference, conciliation and persuasion, or any information obtained by the EEOC during its investigation of a charge. These items are excluded because of their category regardless of their contents. There is no question that the documents sought fall within the category covered by sections 706(b) and 709(e). Therefore, a *Vaughn* index is unnecessary in this case.

■ Plaintiff also argues that a party's insurance carrier is not a member of the public to which Title VII prohibits disclosure. Two of the evils sought to be avoided by the prohibitions on public disclosures are the dissemination of unproven charges and the interference by non-parties in the conciliation efforts. 110 Cong.Rec. 12723, 8193 (1964). Plaintiff contends that it has no interest in disseminating the information sought and that the insurers have al-

---

emption 3 statutes. The cases plaintiff cites, however, do not support its contention. *Charlotte–Mecklenburg Hosp. Auth. v. Perry*, 571 F.2d 195 (5th Cir.1978) does not apply to public disclosures but only to disclosures to a *party* to the Title VII proceeding. *Westinghouse Elec. Corp. v. Schlesinger*, 542 F.2d 1190, 1199 (4th Cir. 1976) does not hold that sections 706(b) and 709(e) are not Exemption 3 statutes, it merely

agrees with the district court below which found that section 709(e) did not apply to the facts of that particular case because the information sought was filed under Executive Order 11,246, not under the Civil Rights Act to which Title VII pertains. *Westinghouse Elec. Corp.— Research & Dev. Ctr. v. Brown*, 443 F.Supp. 1225, 1234 (E.D.Va.1977) misinterprets *Schlesinger* in the same way that plaintiff does.

ready been asked by Campbell to participate in the conciliation process. Title VII does not define the term "public" and no court has decided whether a party's insurance carrier is a member of the "public" for the purposes of §§ 706(b) and 709(e). Courts, however, have construed the term very narrowly to allow disclosure only to a very restricted group. *See EEOC v. Associated Dry Goods*, 449 U.S. 590, 101 S.Ct. 817, 66 L.Ed.2d 762 (1981).[2]

The purposes of the non-disclosure statutes are clearly better served by limiting disclosure to a very narrow group and plaintiff has not presented any persuasive arguments for expanding this group to include a charging party's insurance carrier. The non-disclosure statutes pertain only to the EEOC and do not prohibit disclosure by a charged employer to its insurance carrier. If plaintiff needs the information to perform its contractual responsibilities, it can request it from Campbell. If Campbell refuses, plaintiff may use the discovery tools available to it in the pending state court action. It is up to the employer to decide with what members of the public it wishes to share the potentially damaging information.

█ Section 709(e) prohibits disclosure of EEOC-obtained information prior to the institution of any proceeding. Although the Act does not define "proceeding," plaintiff argues that it includes the informal conference, conciliation, and persuasion process as well as formal lawsuits. According to this interpretation the EEOC would be free to publicize the information referred to in section 709(e) once conciliation endeavors are instituted under section 706(b).[3] This interpretation, however, runs counter to the intent of the nondisclosure section of achieving maximum results from the voluntary complaint resolution process by conducting the investigation and conciliation in

private. 110 Cong.Rec. 8193 (1964) (comments of co-sponsor Dirksen). Therefore, §§ 706(b) and 709(e) fall within Exemption 3 of the FOIA and prohibit the EEOC from disclosing the requested information to the plaintiff.

## III. CONCLUSION

For the reasons discussed above, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted. There is no genuine issue as to any material fact regarding the non-disclosability of the requested documents and defendant is entitled to judgment as matter of law. Plaintiff's complaint will be dismissed in its entirety.

---

**2.** The *Dry Goods* court allowed disclosure to the charging parties but disallowed disclosure to other parties bringing similar charges in order to preserve the intent of the non-disclosure statutes. The Court also gave deference to the EEOC's interpretation of sections 706(b) and 709(e) in 29 C.F.R. § 1601.22 allowing disclosure *only* to the parties or their attorneys, witnesses when necessary and other government

authorities when necessary to carry out the EEOC's function under Title VII.

**3.** Plaintiff refers to *H. Kessler & Co. v. EEOC,* 472 F.2d 1147, 1151 n. 3 (5th Cir.1973) to support its argument. The *Kessler* court expressly states, however, that it does not decide that issue. In addition, the holding pertains only to *non-public* disclosures.